UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER J. BURNS, | ) | NO. CV 09-7067 GHK (FMO) |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| K. HARRINGTON, Warden, | ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

On September 29, 2009, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On April 29, 2010, respondent filed a Return to the Petition, and petitioner filed a Reply to the Return on June 4, 2010, and a Supplemental Reply on April 25, 2011.

On July 30, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied with prejudice. On September 10, 2012, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073 (1970). In Mullaney v. Wilbur,

1  421 U.S. 684, 95 S.Ct. 1881 (1975), the Supreme Court held that Maine's requirement that a
2  defendant charged with murder must prove by a preponderance of the evidence that a killing
3  occurred in the heat of passion and on sudden provocation in order to reduce the homicide to
4  manslaughter violated due process, stating that "the Due Process Clause requires the prosecution
5  to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation
6  when the issue is properly presented in a homicide case." Id. at 703-04, 95 S.Ct. at 1892. Citing
7  Mullaney, petitioner objects to the Magistrate Judge's conclusion that the trial court was not
8  constitutionally required to sua sponte instruct the jury on the lesser included offense of voluntary
9  manslaughter, claiming that the failure to instruct on heat of passion lessened the prosecutor's
10 burden of proof. (See Objections at 1-9).

11        Petitioner contention does not warrant rejecting the R&R. Among other reasons, Mullaney
12 is only applicable if the issue is "properly presented in a homicide case." Id. at 704, 95 S.Ct. at
13 1892. Here, as discussed in the R&R, petitioner did not raise a heat of passion defense. (See
14 R&R at 9 (Petitioner's "defense theory was that he was elsewhere at the time and did not kill the
15 victim, not that he acted in the heat of passion. . . .")). Nor would the evidence reasonably support
16 such a defense. (See id. at 2-5); (see also Reporter's Transcript at 657-65 (witness describing
17 petitioner as the aggressor trying to provoke the victim to fight before exchanging angry words,
18 pulling out a gun and shooting the victim); People v. Manriquez, 37 Cal.4th 547, 583-84 (2005),
19 cert. denied, 547 U.S. 1179 (2006) ("The provocation which incites the defendant to homicidal
20 conduct in the heat of passion must be caused by the victim, or be conduct reasonably believed
21 by the defendant to have been engaged in by the victim. The provocative conduct by the victim
22 may be physical or verbal, but the conduct must be sufficiently provocative that it would cause an
23 ordinary person of average disposition to act rashly or without due deliberation and reflection.
24 Heat of passion arises when at the time of the killing, the reason of the accused was obscured or
25 disturbed by passion to such an extent as would cause the ordinarily reasonable person of
26 average disposition to act rashly and without deliberation and reflection, and from such passion
27 rather than from judgment.") (citations and internal quotation marks omitted); People v. Najera,
28 138 Cal.App.4th 212, 226 (2006) ("'A provocation of slight and trifling character, such as words

of reproach, however grievous they may be, or gestures, or an assault, or even a blow, is not recognized as sufficient to arouse, in a reasonable man, such passion as reduces an unlawful killing with a deadly weapon to manslaughter.") (citation and internal quotation marks omitted). Accordingly, the issue was not properly presented, see United States v. Roston, 986 F.2d 1287, 1290 (9th Cir. 1993), cert. denied, 510 U.S. 874 (1993) ("The prosecution is required to negate a killing in the heat of passion only if that issue is 'properly presented in a homicide case.' . . . [W]e conclude there was insufficient evidence of provocation for the killing, and as a result the heat of passion issue was not properly presented in this case.") (citation omitted); Nguyen v. Adams, 2008 WL 4571105, at *4 (N.D. Cal. 2008), affirmed by, 445 F.App'x 963 (9th Cir. 2011) ("It was not unreasonable to decline to extend the duty [to prove the absence of heat of passion] from a case where the issue was presented as the theory of defense [as it was in Mullaney] to a case where the defendant had not asserted the issue at trial and the evidentiary support was slight. "), and petitioner has not shown that the trial court's instructions to the jury in any manner lessened the prosecution's burden of proof.

Petitioner's remaining objections are without merit and do not warrant further comment.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation ("Objections"). Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED:     9/16     , 2012.

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE